IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

G.J., personally and by and *
through his parents, E.J. and
L.J., *

    Plaintiffs, *
                                  CASE NO. 4:09-CV-22 (CDL)
vs. *

MUSCOGEE COUNTY SCHOOL DISTRICT, *

    Defendant. *

O R D E R

Plaintiffs brought this action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"),[1] contending that a Georgia administrative law judge ("ALJ") erred in granting summary determination in favor of Defendant Muscogee County School District ("MCSD") on Plaintiffs' claims in two separate administrative proceedings. Plaintiffs also brought several non-IDEA claims. The Court determined that although the ALJ was correct in finding that Plaintiffs E.J. and L.J. refused to consent to a reevaluation of Plaintiff G.J., the ALJ was incorrect in finding that this refusal absolved MCSD from any further responsibility to provide services to G.J. *G.J. ex rel. E.J. v. Muscogee Cnty. Sch. Dist.*, No.

---

[1] Congress generally amended IDEA by enacting the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat. 2647 ("IDEIA"), which took effect on July 1, 2005. The statutory citations in this Order refer to IDEA as recodified by IDEIA.

4:09-CV-22, 2010 WL 1257532, at *8-*9 (M.D. Ga. Mar. 25, 2010). Accordingly, the Court ordered L.J. and E.J. to consent to a reevaluation of G.J. under conditions described by the Court in order to receive services under IDEA. *Id.* at *12. The Court also found that the ALJ correctly concluded that Plaintiffs were not entitled to the independent educational evaluation they sought. *Id.* at *10. Finally, the Court dismissed Plaintiffs' non-IDEA claims as premature because Plaintiffs had not exhausted their administrative remedies. *Id.* at *12. The Clerk entered Judgment in accordance with the Court's order, stating that, "Plaintiffs shall recover no damages or affirmative relief from Defendant at this time; however, Defendant shall provide services to Plaintiffs' son under the [IDEA] if Plaintiffs consent to a reevaluation of their son under the conditions described in this Court's Order dated March 25, 2010." J., ECF. No. 36.

Plaintiffs now seek an award of litigation costs and attorneys' fees, contending that they are the prevailing parties in this action. For the reasons set forth below, the Court disagrees and finds that Plaintiffs are not "prevailing parties" in this action. Plaintiffs' motion for attorneys' fees and costs (ECF No. 44) is denied, and they are not entitled to recover the costs sought in their Bill of Costs (ECF No. 42). Plaintiffs' Motion for Leave to File Objections and

2

Brief to Disregard Sur-Reply (ECF No. 58) is denied, though the Court did review Plaintiffs' brief.

DISCUSSION

Under Federal Rule of Civil Procedure 54, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In addition, the IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs" "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The question, therefore, is whether Plaintiffs are "prevailing parties" within the meaning of Rule 54 and the IDEA. In general, to be a prevailing party for purposes of Rule 54, a plaintiff must have obtained some relief, though a party need not prevail on all issues. *Head v. Medford*, 62 F.3d 355, 354 (11th Cir. 1995) (per curiam) (discussing prevailing party status under Rule 54(d)). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d)." *Id.*

Under the IDEA, "prevailing party" is given the same meaning it was given by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (determining what "prevailing party" means for purposes of 42 U.S.C. § 1988). *Mitten ex rel. Mitten v. Muscogee Cnty. Sch. Dist.*, 877 F.2d 932, 936 (11th Cir. 1989). Thus, under the IDEA, as under 42 U.S.C. § 1988, Plaintiffs may be considered

3

"prevailing parties" for attorney's fees purposes "if they succeed on any significant issue in litigation which achieves some of the benefit [Plaintiffs] sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation marks omitted). In other words, they must have obtained "at least some relief on the merits of" their claims—either "an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement." *Id.* at 111 (internal quotation marks omitted). The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," so to be considered prevailing parties, Plaintiffs "must be able to point to a resolution of the dispute which changes the legal relationship between" Plaintiffs and MCSD. *Id.* (internal quotation marks omitted).

Here, Plaintiffs achieved none of the relief they sought. As Plaintiffs put it, the Court's March 25, 2010 Order "sent the Plaintiffs back to square one, as if the past two years and the claims pled which are otherwise before the Court did not exist, or alternatively, were moot." Pls.' Mot. for Recons. 1, ECF No. 37. First, Plaintiffs did not succeed in obtaining a declaration that G.J.'s placement denied him a free appropriate public education ("FAPE") and that G.J. was entitled to a residential placement. Compl. ¶¶ 224-233, ECF No. 1. The Court did not reach this issue

4

because of Plaintiffs' refusal to permit G.J.'s statutorily mandated triennial reevaluation. The Court instead concluded that Plaintiffs had refused the reevaluation and ordered them to submit to the reevaluation in order to continue receiving special education services for G.J. *G.J.*, 2010 WL 1257532, at \*8-\*9. Second, Plaintiffs did not succeed in obtaining a declaration that they were entitled to private or public independent educational evaluations. Compl. ¶¶ 235-245. The Court concluded that Plaintiffs did not have a right to an independent evaluation until after MCSD conducted a reevaluation with which they disagreed. *G.J.*, 2010 WL 1257532, at \*10. Third, Plaintiffs did not succeed on the remainder of their IDEA claims, *see* Compl. ¶¶ 247-270. Fourth, the Court dismissed Plaintiffs' non-IDEA claims, *see* Compl. ¶¶ 272-295, for failure to exhaust administrative remedies. *G.J.*, 2010 WL 1257532, at \*12. Finally, and significantly, Plaintiffs never sought an opportunity to have G.J. reevaluated by MCSD; rather, below, Plaintiffs persuaded the ALJ to dismiss MCSD's counterclaims seeking the reevaluation and also moved to dismiss MCSD's due process complaint seeking the reevaluation. *G.J.*, 2010 WL 1257532, at \*4. For all of these reasons, the Court concludes that Plaintiffs are not "prevailing parties" entitled to attorney's fees or litigation costs.

CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiffs are not "prevailing parties" under Rule 54(d) or the IDEA. Plaintiffs' motion for attorneys' fees and costs (ECF No. 44) is therefore denied, and Plaintiffs are not entitled to recover the costs sought in their Bill of Costs (ECF No. 42). Plaintiffs' Motion for Leave to File Objections and Brief to Disregard Sur-Reply (ECF No. 58) is denied.

The Court notes that, according to Plaintiffs, MCSD has not yet reevaluated G.J. or even given Plaintiffs notice of a reevaluation in accordance with the Court's March 25, 2010 Order. *See generally* G.E.J. Decl., ECF No. 58-3; G.E.J. Decl., ECF No. 58-4. It is unclear from the present record why the reevaluation has not taken place. The Court is astonished and disappointed that the parties have apparently not taken any steps toward developing an appropriate updated educational plan for G.J. Because the parties appear to be incapable of proceeding without the Court's guidance, the Court orders the following:

(1) Within seven days of the date of this Order, MCSD shall consult with Plaintiffs to determine a mutually agreeable date and time for the reevaluation.

(2) Within seven days of consulting with Plaintiffs to determine a mutually agreeable date and time for the reevaluation, MCSD

shall disclose to Plaintiffs in writing all information relevant to the reevaluation, including but not limited to (a) the date and time, (b) the location, (c) the duration, and (d) the procedures, assessment tools, and strategies to be used.

(3) Within seven days of receiving the notice from MCSD regarding the reevaluation, Plaintiffs shall notify MCSD whether they will (a) make G.J. available for the reevaluation or (b) decline IDEA services for G.J.

(3) Should Plaintiffs desire to proceed with G.J.'s reevaluation, MCSD shall inform its evaluator that time is of the essence in completing the evaluation results report, and the evaluation results report shall be expedited to the fullest extent possible.

(4) The parties shall receive the reevaluation results report at the same time. Within fourteen days of receiving the reevaluation results, the parties shall convene an IEP meeting so that G.J.'s IEP may be updated based on the reevaluation, as well as information provided by L.J. and E.J., including the reports prepared by Plaintiffs' experts.[2]

---

[2]The Court notes that even if Plaintiffs disagree with the reevaluation, an IEP meeting should proceed based on the reevaluation and Plaintiffs' experts' reports; Plaintiffs may also pursue a due process complaint to obtain an independent educational ("IEE") evaluation of G.J. and to challenge the IEP.

7

Should the reevaluation and/or IEP meeting not proceed in a timely manner due to no fault of Plaintiffs, Plaintiffs shall file a motion to compel the reevaluation and/or IEP meeting. If the Court grants the motion to compel, the Court will award Plaintiffs costs associated with bringing the motion to compel.

IT IS SO ORDERED, this 14th day of September, 2010.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE